BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

PHILIP J. KEARNEY (CABN 114978)
Assistant United States Attorney

FILED

JAN 1 5 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7023
   Fax: (415) 436-7234
   Email: philip.kearney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 11-0584 JSW |
| Plaintiff, | NOTICE OF DISMISSAL AND MOTION TO UNSEAL |
| v. | AND ORDER THEREON |
| SEYED MOJTABA ATARODI, JAMAL SALAMI, SAJAD FARHADI, SEYEDAHMAD 'AHMAD' ABTAHI, SUNSEM SDN BHD, and PASTEK SOLUTIONS, | ~~UNDER SEAL~~ |
| Defendants. | |

        Based on issues regarding securing the extradition of the individual defendants, as well as

significant foreign policy interests, the United States moves to dismiss the under seal indictment

(attached as Exhibit A), as to defendants Jamal Salami, Sajad Farhadi, Seyedahmad 'Ahmad' Abtahi,

Sunsem SDN BHD, and Pastek Solutions. Based on the above issues the Government also requests that

the case be unsealed. Defendant Seyed Mojtaba Atarodi has previously plead guilty to the crimes

charged in the indictment in a separate proceeding.

        With leave of the Court, and pursuant to Federal Rule of Criminal Procedure 48(a), the United

States Attorney for the Northern District of California dismisses the above indictment as to all the

1  defendants listed above (with the exception of Seyed Mojtaba Atarodi), without prejudice and moves

2  that the Court quash the arrest warrants issued against defendants Jamal Salami, Sajad Farhadi, and

3  Seyedahmad 'Ahmad' Abtahi, issued in connection with the indictment in this case.

4

5  DATED: January 15, 2016                    Respectfully submitted,

6                                             BRIAN J. STRETCH
                                              Acting United States Attorney
7

8

9                                             MAUREEN BESSETTE
                                              Acting Branch Chief
10

11

12          Leave is granted to the government to dismiss the indictment against the remaining defendants.

13  It is further ordered that the outstanding arrest warrants issued in connection with the Indictment are

     quashed and the case is unsealed.
14
     It is so ordered JSW
15

16
     Date: Jan, 15, 2016
17                                            HON. JEFFREY S. WHITE
                                              United States District Judge
18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DISMISSAL
CR 11-0584 JSW

# Exhibit A

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

*FILED*

*SEALED BY COURT ORDER*

---

UNITED STATES OF AMERICA,

V.

SEYED MOJTABA ATARODI,
JALAL SALAMI,
SAJAD FARHADI,
SEYEDAHMAD 'AHMAD' ABTAHI,
SUNSEM SDN BHD, and
PASTEK SOLUTIONS,



# CR 11 0584

DEFENDANT(S).

---

## INDICTMENT

Conspiracy to Export Goods Without a License (50 U.S.C. §§ 1702 and 1705 and
31 C.F.R. Parts 560.203, 560.204, and 560.205); Exporting Goods Without a
License (50 U.S.C. §§ 1702 and 1705; 31 C.F.R. Parts 560.203, 560.204, and
560.205; and 18 U.S.C. § 2); Smuggling Goods (18 U.S.C. §§ 554 and 2); False
Statements (18 U.S.C. §§ 1001 and 2); and Forfeiture (50 U.S.C. app § 2410(g), 18
U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c))

A true bill.

_____
                                    **Foreman**

Filed in open court this ___25___ day of

AUGUST 2011

_____
                                    **Clerk**

Bail, $ *no bail arrest warrant*

_____
**Nathanael Cousins**
**United States Magistrate Judge**

1   MELINDA HAAG (CASBN 132612)
    United States Attorney
2

3

4

5                                   SEALED
6                           BY COURT ORDER

7

8                       UNITED STATES DISTRICT COURT                    JSW

9                      NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,      )   No:  CR  11  0584
                                   )
12              Plaintiff,         )   VIOLATIONS: Conspiracy to Export Goods
                                   )   Without a License (50 U.S.C. §§ 1702 and
13                                 )   1705 and 31 C.F.R. Parts 560.203, 560.204,
                                   )   and 560.205); Exporting Goods Without a
14     v.                          )   License (50 U.S.C. §§ 1702 and 1705; 31
                                   )   C.F.R. Parts 560.203, 560.204, and 560.205;
15                                 )   and 18 U.S.C. § 2); Smuggling Goods (18
    SEYED MOJTABA ATARODI,         )   U.S.C. §§ 554 and 2); False Statements (18
16  JALAL SALAMI,                  )   U.S.C. §§ 1001 and 2); and Forfeiture (50
    SAJAD FARHADI,                 )   U.S.C. app § 2410(g), 18 U.S.C. §
17  SEYEDAHMAD 'AHMAD' ABTAHI,     )   981(a)(1)(C), and 28 U.S.C. § 2461(c))
    SUNSEM SDN BHD, and            )
18  PASTEK SOLUTIONS,              )   SAN FRANCISCO VENUE
                                   )
19              Defendants.        )
                                   )
20  ───────────────────────────── )

21

22                             I N D I C T M E N T

23  The Grand Jury charges:

24          At all times relevant to this Indictment:

25                      INTRODUCTORY ALLEGATIONS

26          1.      Defendant SEYED MOJTABA ATARODI (hereinafter "ATARODI") was an

27  Iranian citizen and lawful permanent resident of the United States, who served as a professor of

28  electrical engineering at Sharif University in Tehran, Iran.  ATARODI also served as chief

    INDICTMENT

executive officer of the Microelectronic Research And Development Center of Iran (hereinafter "MERDCI") until at least 2005.

2.     Defendant PASTEK SOLUTIONS (hereinafter "PASTEK") was a company located in San Marcos, California, that was operated, at least in part, for the purpose of procuring electronic components from United States companies and arranging for those components to be exported to Malaysia for transshipment to Iran.

3.     Defendant JALAL SALAMI (hereinafter "SALAMI") was a citizen and resident of both Iran and the United States who owned PASTEK and was responsible for its day-to-day operations.

4.     Defendant SUNSEM SDN BHD (hereinafter "SUNSEM") was a company located in Kuala Lumpur, Malaysia, that was operated, at least in part, as an electronic components and parts merchant for end-users and consignees in Iran.

5.     Defendant SAJAD FARHADI (hereinafter "FARHADI") was an Iranian citizen living in Malaysia who was responsible for the daily operations of SUNSEM.

6.     Defendant SEYEDAHMAD 'AHMAD' ABTAHI (hereinafter "ABTAHI") was an Iranian citizen living in Iran who helped manage SUNSEM's operations in Malaysia, and who identified specific electronic components to be purchased from United States companies for end-users and consignees in Iran.

7.     MERDCI was a research and development center set up by the Industrial and Renovation Organization of Iran, which is licensed by the Iranian Ministry of Science, Research, and Technology to engage in research and development activities in the area of microelectronics, nano electronics, and electronic systems.

The Iran Trade Embargo and the Iranian Transactions Regulations

8.     The International Emergency Economic Powers Act ("IEEPA"), Title 50, United States Code, Sections 1701-1707, authorizes the President of the United States ("the President") to impose economic sanctions on a foreign country in response to an unusual or extraordinary threat to the national security, foreign policy, or economy of the United States when the President declares a national emergency with respect to that threat.

INDICTMENT                                    2

9.  On March 15, 1995, the President issued Executive Order 12957 finding that "the actions and policies of the Government of Iran constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States," and declaring "a national emergency to deal with that threat."

10.  On May 6, 1995, the President issued Executive Order 12959, which imposed economic sanctions, including a trade embargo, against Iran ("the Iran Trade Embargo").  On August 17, 1997, the President issued Executive Order 13059, renewing the Iran Trade Embargo, which continued throughout the time of the acts set forth herein.

11.  Executive Order 12957, as expanded and continued by Executive Orders 12959 and 13059 (collectively "Executive Orders") authorized the United States Secretary of Treasury, in consultation with the United States Secretary of State, to take such actions, including the promulgation of rules and regulations, as may be necessary to carry out the purposes of the Executive Orders.  Pursuant to this authority, the United States Department of Treasury, through the Office of Foreign Assets Control ("OFAC") issued the Iranian Transactions Regulations ("ITR"), Title 31, Code of Federal Regulations, Part 560, implementing the sanctions imposed by the Executive Orders.

12.  With certain limited exceptions not applicable here, the Iranian Transactions Regulations prohibited, among other things, the export, re-export, sale, or supply, directly or indirectly, from the United States or by a United States person wherever located, to Iran or the Government of Iran, or the financing of such export, re-export, sale, or supply, of any goods, technology, or services, without prior authorization or license from OFAC.  These regulations further prohibited any transactions that evaded or avoided or had the purpose of evading or avoiding any of the prohibitions contained in the Iranian Transactions Regulations, including the unauthorized exportation of goods from the United States to a third country if the goods were intended or destined for Iran.

13.  Defendants SUNSEM, PASTEK, ATARODI, SALAMI, FARHADI, and ABTAHI did not apply for, receive, or possess a license or authorization from the Office of Foreign Assets Control, United States Department of Treasury, to export goods, technology, or

INDICTMENT                    3

services, of any description, to Iran.

Export and Shipping Records

14.    Pursuant to United States law and regulation, exporters and shippers or freight forwarders were required to file certain forms and declarations concerning exports of goods and technology from the United States.  Typically, those forms were filed electronically through the Automated Export System ("AES") administered by the United States Department of Homeland Security ("DHS"), Bureau of Customs and Border Protection.  A Shipper's Export Declaration ("SED") was an official document submitted to DHS in connection with export shipments from the United States.

15.    An essential and material part of the SED and AES, as well as other export filings, was information concerning the end-user or ultimate destination of the export.  The identity of the end-user determined whether the goods: a) may be exported without any specific authorization from the United States government; b) may be exported with the specific authorization or validated license from the United States Department of Commerce, the United States Department of State, or the United States Department of Treasury; or c) may not be exported from the United States.

16.    The SED and forms filed through AES contained statements to the United States government that the transaction occurred as described.  The SED and forms filed through AES were used by the Department of State, the Department of the Treasury, and the Department of Commerce for export control purposes.  Other United States government agencies also relied upon the information provided by Automated Export System records.

//
//
//
//
//
//

INDICTMENT                                   4

COUNT ONE: (Conspiracy to Violate Iran Embargo) 50 U.S.C. §§ 1702 and 1705 and
31 C.F.R. Parts 560.203, 560.204, and 560.205

17.    The allegations in paragraphs 1 through 17 are incorporated and re-alleged by reference in this Count.

18.    *Beginning as early as in or about June 2006, and continuing through the present*, in the Northern District of California and elsewhere, the defendants,

SEYED MOJTABA ATARODI,
JALAL SALAMI,
SAJAD FARHADI,
AHMAD ABTAHI,
SUNSEM SDN BHD, and
PASTEK SOLUTIONS,

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States, that is, to export and cause the exportation of goods from the United States to Iran in violation of the embargo imposed upon that country by the United States, without having first obtained the required licenses and authorizations from the Office of Foreign Assets Control, United States Department of Treasury.

## OBJECT OF THE CONSPIRACY

19.    The object of the conspiracy was to export electronic test equipment and components from the United States to Iran by evading the prohibitions and licensing requirements of the IEEPA and ITR.

## MANNER AND MEANS OF THE CONSPIRACY

20.    The manner and means by which the defendants and their conspirators sought to accomplish the object of the conspiracy included, among others, the following:

a.    Defendants ATARODI, SALAMI, FARHADI, ABTAHI, SUNSEM, and PASTEK caused the export and attempted export of electronic components from the United States to individuals and entities in Iran without first obtaining the required licenses and authorizations from the Office of Foreign Assets Control, United States Department of the Treasury.

INDICTMENT                                    5

b.      Defendants ABTAHI, ATARODI, and others identified specific electronic components to be purchased from United States companies for end-users and consignees in Iran.

c.      Defendants ATARODI, SALAMI, FARHADI, ABTAHI, and others used email and other forms of communication to transmit information to each other regarding the electronic components identified for purchase from United States companies for export to Iran.

d.      Defendants ATARODI, SALAMI, and FARHADI, using the Internet, email and telephonic communications, purchased electronic components from companies in the United States and directed the United States companies to ship the products either to SUNSEM in Malaysia, or to PASTEK or SALAMI in the United States.

e.      Defendants ATARODI, SALAMI, and FARHADI falsely represented to United States companies, shippers, and freight forwarders that the end-users or ultimate consignees for the electronic components they purchased were in the United States or Malaysia.

f.      Defendant SALAMI operated PASTEK, located in San Marcos, California, at least in part, to purchase and receive shipments of electronic components from United States companies for end-users and consignees in Iran, thereby concealing the ultimate end-users and consignees of the electronic components from the United States companies.

g.      Defendants SALAMI and PASTEK shipped electronic components purchased from United States companies to Defendants FARHADI and SUNSEM in Malaysia.

h.      Defendants ATARODI, FARHADI, ABTAHI, and others operated SUNSEM, located in Malaysia, at least in part, to receive electronic components purchased from United States companies and transship them to Iran, thereby concealing the ultimate end-user and consignee of the electronic components from the United States companies.

i.      Defendants FARHADI and SUNSEM received shipments of electronic components purchased from the United States companies or from Defendants PASTEK and SALAMI, and transshipped those electronic components to Iran using freight forwarders, shippers, and international air carriers.

j.      By concealing from the United States companies, shippers, and freight forwarders that the true end-users or consignees of the items they purchased in the United States were in

INDICTMENT                                6

Iran, Defendants SALAMI and FARHADI caused the United States companies, shippers, and freight forwarders either to fail to file SEDs in AES or to include materially false, misleading, and incomplete information in documents, air waybills, and AES and SED records.

k.      Defendants ATARODI and SALAMI also attempted to transport electronic components purchased from United States companies to Iran by hand carrying the components onto flights departing from the United States bound, through connections, for Iran.

All in violation of Title 50, United States Code, Sections 1702 and 1705; and Title 31, Code of Federal Regulations, Parts 560.203, 560.204 and 560.205.

COUNTS TWO THROUGH SEVEN: (Violation of the Iran Embargo) 50 U.S.C. §§ 1702 and 1705, 31 C.F.R. Parts 560.203, 560.204, and 560.205, and 18 U.S.C. § 2

21.     The allegations in Paragraphs 1 through 20 are incorporated and re-alleged by reference in these Counts.

22.     On or about and between the dates listed as to each count below, in the Northern District of California and elsewhere, the defendants listed as to each count below, did knowingly and willfully violate the embargo against Iran by exporting and causing to export goods, as described more fully below, from the United States to Iran, without first obtaining the required licenses and authorizations from the Office of Foreign Assets Control, United States Department of the Treasury.

| COUNT | DEFENDANTS | DATE | GOODS |
|-------|-----------|------|-------|
| TWO | SEYED MOJTABA ATARODI, JALAL SALAMI, SUNSEM SDN BHD, SAJAD FARHADI, and PASTEK | March 5, 2009, to November 18, 2009 | Heatpulse 610 Thermal Annealer |
| THREE | SEYED MOJTABA ATARODI, JALAL SALAMI, SUNSEM SDN BHD, SAJAD FARHADI, AHMAD ABTAHI, and PASTEK | July 31, 2009, to August 29, 2009 | Signal Generator |

INDICTMENT                              7

| FOUR | SEYED MOJTABA ATARODI, JALAL SALAMI, SUNSEM SDN BHD, SAJAD FARHADI, AHMAD ABTAHI, and PASTEK | July 31, 2009, to August 29, 2009 | Factware Tester |
| FIVE | SEYED MOJTABA ATARODI, JALAL SALAMI, SUNSEM SDN BHD, SAJAD FARHADI, AHMAD ABTAHI, and PASTEK | July 31, 2009, to August 29, 2009 | Tektronix Radio Communication Tester |
| SIX | SEYED MOJTABA ATARODI, JALAL SALAMI, SAJAD FARHADI, SUNSEM SDN BHD, and AHMAD ABTAHI | March 1, 2010, to April 6, 2010 | Agilent Oscilloscope |
| SEVEN | SEYED MOJTABA ATARODI, JALAL SALAMI, SUNSEM SDN BHD, SAJAD FARHADI, and AHMAD ABTAHI, | March 19, 2010, to April 20, 2010 | HP 349A UHF Noise Source |

All in violation of Title 50, United States Code, Sections 1702 and 1705, Title 31, Code of Federal Regulations, Parts 560.203, 560.204 and 560.205, and Title 18, United States Code, Section 2.

COUNTS EIGHT THROUGH SIXTEEN: (Violation of the Iran Embargo) 50 U.S.C. §§ 1702 and 1705, 31 C.F.R. Parts 560.203, 560.204 and 560.205, and 18 U.S.C. § 2

23.   The allegations in Paragraphs 1 through 20 are incorporated and re-alleged by reference in these Counts.

24.   On or about the dates listed as to each count below, in the Northern District of California and elsewhere, the defendants listed as to each count below, did knowingly and willfully violate the embargo against Iran by attempting to export and cause to be exported goods, as described more fully below, from the United States to Iran, without first obtaining the required licenses and authorizations from the Office of Foreign Assets Control, United States Department of the Treasury.

//
//

INDICTMENT                               8

| COUNT | DEFENDANTS | DATE | GOODS |
|---|---|---|---|
| EIGHT | SEYED MOJTABA ATARODI | February 25, 2010 | Maxim Evaluation Kit |
| NINE | SEYED MOJTABA ATARODI | February 25, 2010 | HP Noise Source |
| TEN | JALAL SALAMI and PASTEK | December 18, 2010 | Spansion Memory |
| ELEVEN | JALAL SALAMI and PASTEK | December 18, 2010 | 10 Maxim 6034 Integrated Circuits |
| TWELVE | JALAL SALAMI and PASTEK | December 18, 2010 | 10 Maxim 6845 Reset Integrated Circuits |
| THIRTEEN | JALAL SALAMI and PASTEK | December 18, 2010 | 20 Avago Technologies Diodes |
| FOURTEEN | JALAL SALAMI and PASTEK | December 18, 2010 | 50 Fairchild Semiconductor Diodes |
| FIFTEEN | JALAL SALAMI and PASTEK | December 18, 2010 | Analog Devices Digital to Analog Converter Circuit Board |
| SIXTEEN | JALAL SALAMI and PASTEK | December 18, 2010 | 10 NXP Semiconductor Integrated Circuits |

All in violation of Title 50, United States Code, Sections 1702 and 1705, Title 31, Code of Federal Regulations, Parts 560.203, 560.204 and 560.205, and Title 18, United States Code, Section 2.

COUNTS SEVENTEEN THROUGH THIRTY-ONE: (Smuggling Goods) 18 U.S.C. §§ 554 and 2

25.    The allegations in Paragraphs 1 through 20 are incorporated and re-alleged by reference in these Counts.

26.    On or about and between the dates listed as to each count below, in the Northern District of California and elsewhere, the defendants listed as to each count below did knowingly and fraudulently export and send, and attempt to export and send, from the United States, merchandise, articles, and objects described more fully below, contrary to the laws and regulations of the United States, specifically, Title 50, United States Code, Sections 1702 and 1705, and Title 31, Code of Federal Regulations, Parts 560.203, 560.204, and 560.205:

INDICTMENT                                          9

| COUNT | DEFENDANTS | DATE | GOODS |
|---|---|---|---|
| SEVENTEEN | SEYED MOJTABA ATARODI, JALAL SALAMI, SUNSEM SDN, BHD, SAJAD FARHADI, and PASTEK | March 5, 2009, to November 18, 2009 | Heatpulse 610 Thermal Annealer |
| EIGHTEEN | SEYED MOJTABA ATARODI, JALAL SALAMI, SUNSEM SDN BHD, SAJAD FARHADI, AHMAD ABTAHI, and PASTEK | July 31, 2009, to August 29, 2009 | Signal Generator |
| NINETEEN | SEYED MOJTABA ATARODI, JALAL SALAMI, SUNSEM SDN BHD, SAJAD FARHADI, AHMAD ABTAHI, and PASTEK | July 31, 2009, to August 29, 2009 | Factware Tester |
| TWENTY | SEYED MOJTABA ATARODI, JALAL SALAMI, SUNSEM SDN BHD, SAJAD FARHADI, AHMAD ABTAHI, and PASTEK | July 31, 2009, to August 29, 2009 | Tektronix Radio Communication Tester |
| TWENTY-ONE | SEYED MOJTABA ATARODI | February 25, 2010 | Maxim Evaluation Kit |
| TWENTY-TWO | SEYED MOJTABA ATARODI | February 25, 2010 | HP Noise Source |
| TWENTY-THREE | SEYED MOJTABA ATARODI, JALAL SALAMI, SAJAD FARHADI, SUNSEM SDN BHD, and AHMAD ABTAHI, | March 1, 2010, to April 6, 2010 | Agilent Oscilloscope |

INDICTMENT                                              10

| TWENTY-FOUR | SEYED MOJTABA ATARODI, JALAL SALAMI, SUNSEM SDN BHD, SAJAD FARHADI, and AHMAD ABTAHI | March 19, 2010, to April 20, 2010 | HP 349A UHF Noise Source |
|---|---|---|---|
| TWENTY-FIVE | JALAL SALAMI, and PASTEK | December 18, 2010 | Spansion Memory |
| TWENTY-SIX | JALAL SALAMI, and PASTEK | December 18, 2010 | 10 Maxim 6034 Integrated Circuits |
| TWENTY-SEVEN | JALAL SALAMI, and PASTEK | December 18, 2010 | 10 Maxim 6845 Reset Integrated Circuits |
| TWENTY-EIGHT | JALAL SALAMI, and PASTEK | December 18, 2010 | 20 Avago Technologies Diodes |
| TWENTY-NINE | JALAL SALAMI, and PASTEK | December 18, 2010 | 50 Fairchild Semiconductor Diodes |
| THIRTY | JALAL SALAMI, and PASTEK | December 18, 2010 | Analog Devices Digital to Analog Converter Circuit Board |
| THIRTY-ONE | JALAL SALAMI, and PASTEK | December 18, 2010 | 10 NXP Semiconductor Integrated Circuits |

All in violation of Title 18, United States Code, Sections 554 and 2.

COUNTS THIRTY-TWO THROUGH THIRTY-THREE: (False Statements)  18 U.S.C. §§ 1001 and 2

27.     The allegations in Paragraphs 1 through 20 are incorporated and re-alleged by reference in these Counts.

28.     Beginning as early as in or about June 2006, and continuing through the present, in the Northern District of California and elsewhere, the defendant,

JALAL SALAMI,

in a matter within the jurisdiction of the executive branch of the United States Government, that is, the Department of Homeland Security, the United States Department of Commerce, did knowingly and willfully cause to be falsified, concealed, and covered up, by trick, scheme, and device, material facts, and caused to be made materially false, fictitious, and fraudulent

INDICTMENT                                11

statements and representations, and caused to be made and used a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in that the defendant stated and represented, and caused to be stated and represented, in shipping records, including Automated Export System records, and Shipper's Export Declarations, that 1) no license was required, and 2) the ultimate consignee was an entity located in Malaysia, as described more fully below for each count, when the defendants there and then knew that these statements were false, the ultimate destination for the goods was Iran, and a license was required for the shipment.

| COUNT | DATE | ULTIMATE CONSIGNEE | GOODS |
|-------|------|--------------------|-------|
| THIRTY-TWO | March 12, 2010 | Sunsem BHD, Malaysia | Agilent Oscilloscope |
| THIRTY-THREE | March 26, 2009 | Sunsem BHD, Malaysia | Heatpulse 610 Thermal Annealer |

In violation of Title 18, United States Code, Sections 1001 and 2.

FORFEITURE ALLEGATION ONE: (Export Control Forfeiture) 50 U.S.C. Appx. § 2410(g)

29.     The factual allegations contained in Counts One through Thirty-One of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 50, United States Code, Appx. Section 2410(g).

30.     Upon a conviction of any of the offenses alleged in Counts One through Thirty-One, the defendants,

SEYED MOJTABA ATARODI,
JALAL SALAMI,
SAJAD FARHADI,
AHMAD ABTAHI,
SUNSEM SDN BHD, and
PASTEK SOLUTIONS

shall forfeit to the United States, pursuant to Title 50, United States Code, Appx. Section 2410(g), any interest in, security of, claim against, or property or contractual rights of any kind in the goods or tangible items that were the subject of the violation; any interest in, security of,

INDICTMENT                              12

claim against, or property or contractual rights of any kind in tangible property that was used in the export or attempt to export that was the subject of the violation; and any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the violation.

31. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to Title 18, United States Code, Section 1963(m), as incorporated by Title 50, United States Code, Appx. Section 2410(g)(2).

All pursuant to Title 50, United States Code, Appx. Section 2410(g).

FORFEITURE ALLEGATION TWO: (Proceeds of IEEPA and Smuggling Forfeiture) 18 U.S.C. § 981(a)(1)(C)and 28 U.S.C. § 2461(c)

32. The factual allegations contained in Counts One through Thirty-Two of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

33. Upon a conviction of any of the offenses alleged in Counts One through Thirty-Two, the defendants,

SEYED MOJTABA ATARODI,
JALAL SALAMI,
SAJAD FARHADI,
AHMAD ABTAHI,
SUNSEM SDN BHD, and
PASTEK SOLUTIONS,

INDICTMENT                    13

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the charged offenses.

34.     If any of the property described above, as a result of any act or omission of the defendants:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), incorporated by Title 18, United States Code, Section 981(b) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United Stated Code, Section 2461(c).

DATED: August 25, 2011                          A TRUE BILL

                                                FOREPERSON

MELINDA HAAG
United States Attorney

MIRANDA KANE
Chief, Criminal Division

(Approved as to form:
AUSA Philip Kearney

INDICTMENT                          14